648 A.2d 580

**COMMONWEALTH of Pennsylvania Acting by Attorney General Ernest D. Preate, Jr., Plaintiff,**

v.

**RIVERVIEW LEASING, INC., and C. H. Leasing of Virginia, Inc. d/b/a Rent America, Defendants.**

Commonwealth Court of Pennsylvania.

Heard Aug. 5, 1994.

Decided Aug. 22, 1994.

Publication Ordered Sept. 22, 1994.

34

Daniel R. Goodemote and Renardo L. Hicks, for plaintiff.

J. Samuel Choate, Jr. and Lane Fisher, for defendants.

NARICK, Senior Judge.

On August 6, 1993, the Commonwealth of Pennsylvania, acting by Attorney General Ernest D. Preate, Jr. (Commonwealth) brought a complaint in equity against Riverview Leasing, Inc. and C. H. Leasing of Virginia, Inc., d/b/a Rent America (Riverview) alleging Riverview's violations of the Goods and Services Installment Sales Act, Act of October 28, 1966, Special Sess. No. 1, P.L. 55, *as amended,* 69 P.S. § 1103 (GSISA) and the Unfair Trade Practices and Consumer Protection Law (Consumer Law), Act of December 17, 1968, P.L. 1224, No. 387, § 1, *as amended,* 73 P.S. §§ 201–1, –209–6. Subsequently, on February 1, 1994, Riverview filed a motion for judgment on the pleadings as to Count I. Thereafter, on March 9, 1994, the Commonwealth filed a motion for judgment on the pleadings as to Counts I and II and a motion for summary judgment as to Counts I, II and III and Riverview's counterclaim.

For reasons hereinafter discussed, this Court denies Riverview's motion for judgment on the pleadings as to Count I and grants the Commonwealth's motion for summary judgment as to Count I and Riverview's counterclaim. Also, we deny the Commonwealth's motion for summary judgment as to Counts II and III and the Commonwealth's motion for judgment on the pleadings as to Counts I and II and Riverview's counterclaim for the reasons set forth below.

## *FACTUAL HISTORY*

On August 6, 1993, the Commonwealth filed a complaint in equity against Riverview and thereafter filed an amended

complaint in equity on August 20, 1993. This complaint consisted of three counts. In the first count, the Commonwealth alleges that Riverview's business practices violate the GSISA. The second count posits that these GSISA violations constitute per se violations of the Consumer Law. The third count asserts that Riverview's actions violate the Consumer Law.

On January 10, 1994, Riverview filed an answer to the Commonwealth's amended complaint as well as asserting a new matter which includes a counterclaim and three affirmative defenses.[1] The Commonwealth moved for preliminary injunction on August 6, 1993, and, following a hearing, this Court denied the motion for preliminary injunction on August 26, 1993. On August 18, 1993, Riverview filed preliminary objections to the Commonwealth's complaint. These were overruled by this Court on December 7, 1993.

Thereafter, on February 1, 1994, Riverview filed a motion for judgment on the pleadings as to Count I and on March 9, 1994, the Commonwealth filed a motion for judgment on the pleadings as to Counts I and II and, in the alternative, a motion for summary judgment as to Counts I, II and III and on Riverview's counterclaim. The parties argued these motions before this Court on August 5, 1994.

## DISCUSSION

### JUDGMENT ON THE PLEADINGS—COUNT I

Riverview requests this Court to grant it judgment on the pleadings as to Count I. Riverview asserts, essentially,

---

1. Riverview filed this pleading as two separate parts. The first was the answer of Defendant Riverview Leasing, Inc. and the second was the answer of Defendant C. H. Leasing of Virginia, Inc. These pleadings were virtually identical except for the first affirmative defense alleged in the new matter. In the answer of Defendant C. H. Leasing of Virginia, Inc., its first affirmative defense in its new matter alleges that C. H. Leasing of Virginia, Inc. is no longer doing business in the Commonwealth. Whereas, in the answer of Defendant Riverview Leasing, Inc., its first affirmative defense in its new matters asserts that the GSISA does not apply to its business practices.

that the GSISA is inapplicable to the way in which it conducts its business.

Judgment on the pleadings [2] can only be granted in cases where, based upon the pleadings alone and any documents properly attached to them, there exist no material issues of fact to be resolved by the court and to proceed to trial would create a fruitless endeavor. *Bensalem Township School District v. Commonwealth,* 518 Pa. 581, 544 A.2d 1318 (1988).[3]

For reasons hereinafter discussed, we find that the GSISA does encompass Riverview's business practices. Therefore, Riverview's motion for judgment on the pleadings will be denied.

### MOTION FOR SUMMARY JUDGMENT—COUNT I [4]

The Commonwealth, in its amended complaint in equity, alleges Riverview's business conduct violates the GSISA, while Riverview's position is that its business conduct falls outside of the realm of the GSISA. Therefore, the true issue, which is dispositive of this case, is whether or not the GSISA applies to Riverview's business conduct.

Riverview is an out-of-state corporation which, through fourteen retail outlets throughout the Commonwealth of Pennsylvania, "are in the business of advertising and renting-to-own new and used goods primarily for personal, family or household purposes. Typical goods include appliances, televi-

---

**2.** A motion for judgment on the pleadings is defined by Pa.R.C.P. No. 1034 which states:
> (a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.
> (b) The court shall enter such judgment or order as shall be proper on the pleadings.

**3.** *See also Goodrich Amram 2d,* Procedural Rules Service With Forms, § 1034(b):2 (1991).

**4.** The Commonwealth filed a motion for judgment on the pleadings as to Counts I and II as well as, alternatively, a motion for summary judgment as to Counts I, II and III and to Riverview's counterclaim. As we find that summary judgment is a more appropriate vehicle to dispose of this case, we will simply deny the Commonwealth's motion for judgment on the pleadings as to Counts I and II without any further discussion.

sions, video cassette recorders, stereo systems, microwave ovens and furniture." [5]

The threshold inquiry to be made is whether Riverview's "rental agreement" is essentially a "retail installment contract" as defined in Section 1201(6) of the GSISA. If it is, then Riverview's business conduct would fall within the GSISA. In order to answer this inquiry, this Court must carefully scrutinize Riverview's "rental agreement" and determine whether it is a "retail installment contract" as defined by the GSISA.[6]

Riverview advances one primary argument as to the inapplicability of the GSISA. Riverview asserts that the GSISA applies only if a consumer is *obligated* to fulfill a particular act prior to owning the product. Riverview contends that, if one can own the property through, "fulfilling his or her obligations," [7] not by exercising an option, as Riverview requires in its lease, then the GSISA applies. However, Riverview argues, if a customer can do something they are not obligated to do, such as exercise an option to own, then the GSISA does not apply. We disagree.

Section 1201(6) states, in pertinent part:

When taken or given in connection with the retail sale, the term *includes but is not limited to* a security agreement and a contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation for

5. This, in pertinent part, is from the Commonwealth's amended complaint in equity averment number 8, filed on August 20, 1993 and was admitted to by Riverview in its answer filed on January 10, 1994.

6. The Commonwealth and Riverview both agree that this determination is a question of law, since Riverview has admitted that its "rental agreement" is used in each and every transaction that it conducts. *See* the Commonwealth's Brief in Support of Plaintiff's Motion for Summary Judgment on the Pleadings and Summary Judgment and in Opposition to Defendant's Motion, filed on March 28, 1994, at page 3 and Riverview's Memorandum of Law in Support of Defendant Riverview Leasing, Inc.'s *Motion for Judgment on the Pleadings as to Count I*, filed on March 1, 1994, at page 3.

7. Page 11 of Riverview's memorandum of law in support of Defendant Riverview Leasing, Inc.'s motion for judgment on the pleadings as to Count I, filed March 1, 1994.

their use a sum substantially equivalent to or in excess of their value *and by which it is agreed that the bailee or lessee* is bound to become, *or has the option of becoming, the owner of the goods upon full compliance with the terms of the contract.* (Emphasis added.)

The statute clearly does not apply only to contracts in which a rentor is *obligated* to perform a particular act. This is exemplified by the words "or has the *option* of becoming." The key word in this phrase is "option." If a word or phrase is not defined in the statute, we are mandated to construe the word or phrase according to the rules of grammar and according to their common and approved usage. 1 Pa.C.S. § 1903(a); *Hileman v. Morelli,* 413 Pa.Superior Ct. 316, 605 A.2d 377 (1992). The term "option" is defined by *Webster's 9th New Collegiate Dictionary (1987)* as "the power or right to choose." It is clear, then, by the word "option" that the Legislature does not refer to contracts that obligate one to purchase, but rather to contracts that both obligate or give an option, i.e. a consumer the right to choose whether or not to become the owner of the goods.

Riverview gives their customers the option of purchasing the product at the end of the rental term.[8] Riverview's assertion that the statute applies only to contracts where one is "obligated" to purchase the product, is erroneous.

The statute clearly applies to contracts, such as Riverview's, where one can become or has the option to become, the owner of the goods when they have fulfilled the terms of the contract. In this case, once an individual has paid a predetermined number of weeks for rent on the product, they can, at

8. Rent America, in its rental agreement, states the following in its **Option to Own** section:

> The owner will transfer ownership of the property to you, the renter(s), if you, at your sole election, renew this agreement for ___ successive weekly rental terms or for ___ successive monthly terms and *then exercise an option to purchase the property* by payment of the property's then fair market value.... You have not agreed to purchase this property, but you may choose to purchase in the future if you meet the conditions of this option. (Emphasis added.) Appendix A in Commonwealth's motion for preliminary injunction filed on August 8, 1993.

their option, become the owner of that product once they have fulfilled the terms of the contract, i.e. pay the then fair market value for the rental for the rented product.

Additionally, we agree with the Commonwealth's argument that this section of the GSISA is not concerned with how ownership passes, but rather if ownership can or has the opportunity of passing at all. The language in the section stated above clearly indicates that a contract is a "retail installment contract" if the consumer receives or can receive ownership under the contract.

This Court finds additional support for the Commonwealth's assertion of applicability in the following portion of Section 1201(6) of the GSISA:

> *The term also includes any* contract, obligation or agreement in the form of bailment or lease *if the bailee or lessee has the option to renew the contract by making the payments specified in the contract,* the contract obligates the bailor or lessor to transfer ownership of the property to the bailee or lessee upon full compliance by the bailee or lessee with his obligations under the contract, *including any obligation incurred with respect to the exercise of an option by the bailee or lessee to renew the contract,* and the payments contracted for by bailee or lessee, including those payments pursuant to the exercise of an option by the bailee or lessee to renew the contract, *are substantially equivalent to or in excess of the aggregate value of the property and services involved.* (Emphasis added.)

The statute clearly intends to include the type of agreement that Riverview utilizes in its business transactions. The statute states that the term "retail installment contract" includes any contract that allows for renewal by making payments.[9]

9. In the **Renter's Right to Renew** section of Riverview's rental agreement, it states that:

> The renter, at his or her option, *may renew this agreement* for an additional term at the conclusion of each term or rental period, *by the payment to the owner of the rental payment.* Payment by the renter of an additional rental payment, on or before the last day of each rental term *shall renew this agreement for an additional term.*

Motion for preliminary injunction, Appendix A, filed August 6, 1993.

Riverview's rental agreement clearly meets this condition of the GSISA.

The GSISA additionally requires that payments under the contract are essentially equivalent to, or in excess of, the value of the property and the services involved. As subsequently discussed, the evidence in the pleadings clearly show that Riverview charges its customers certainly the value of, or in excess of, the value of the product in question.

In essence, the Legislature, in enacting the GSISA, has reclassified certain rental agreements, including the type used by Riverview, as a de facto [10] sales contract. The Legislature, through a clear definition of the term "retail installment contract," has sought to control these types of contracts and the amount of revenue a seller can profit from a transaction entered into via a "retail installment contract." As previously discussed, Riverview's "rental agreements" clearly fall within the Legislature's definition of "retail installment contract" and, as such, must conform its business practices as mandated by the GSISA.

The next question is whether Riverview's business practices indeed violate the GSISA and whether this Court can properly grant the Commonwealth's motion for summary judgment as to this issue.

 Summary judgment may be granted in situations where there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. No. 1035(b). *See also Professional and Public Service Employees' Union Local 1300 v. Trinisewski,* 94 Pa.Commonwealth Ct. 462, 504 A.2d 391 (1986). Additionally, this Court, when considering a motion for summary judgment, must view the record in the light most favorable to the non-moving party, in this case, Riverview. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 615 A.2d 303 (1992).

**10.** The term "de facto" means literally in fact, or actually, or in reality. *Balsbaugh v. Rowland,* 447 Pa. 423, 290 A.2d 85 (1972).

The Commonwealth alleges that Riverview has committed seven separate violations of the GSISA. As a result, we must determine each of these violations separately and analyze whether summary judgment is appropriate as to each of these alleged violations.

■ The first violation concerns Riverview's failure to put the words, "security agreement" or "lien contract" and "retail installment contract," into its "rental agreement," in violation of Section 1302(b) of the GSISA. Riverview, in its answer to the Commonwealth's amended complaint, admits that it does not use these terms anywhere on their rental agreement.[11] Because this alleged violation is admitted to by Riverview in the pleadings before this Court, there is no genuine issue as to a material fact and this violation is properly disposed of in favor of the Commonwealth on its motion for summary judgment.

■ The second violation concerns Riverview's failure to include a notice[12] in its "rental agreement" in violation of Section 1302(c) of the GSISA. Our review of Riverview's "rental agreement" reveals an absence of the statutorily mandated notice.[13] As the document speaks for itself, and further, since Riverview has repeatedly admitted its use of its "rental agreement" in all transactions, there is no material issue of fact. The Commonwealth is entitled to summary judgment as a matter of law concerning this violation.

■ The third violation concerns Riverview's failure to include the required contract terms and disclosures as mandated

11. However, as previously mentioned, Riverview's contention is that its business practices do not apply to the GSISA.

12. This notice, as set forth in Section 1302(c), must contain the following:

"Notice to buyer: (1) Do not sign this agreement before you read it or if it contains any blank space. (2) You are entitled to a completely filled in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the service charge."

13. A copy of this agreement appears in the Commonwealth's motion for preliminary injunction at Appendix A.

by Section 1303, subsections: (b), (c), (d), (g), (h), (i), (j) and (k) of the GSISA. Our review of Riverview's "rental agreement" again reveals an absence of the statutorily mandated contract terms and disclosures. The Commonwealth, therefore, is entitled to summary judgment as a matter of law, as to this violation.

■ The fourth violation involves Section 1306 of the GSISA, which dictates the permitted confines of delinquency charges, specifically, in what situations they may be assessed and the limits as to how much can be charged when they are properly assessed. The Commonwealth views that Riverview's "reinstatement fee" [14] operates as a "delinquency charge" and requests this Court to rule as such.

Upon review of Section 1306 of the GSISA and Riverview's "rental agreement," this Court rules, as a matter of law, that Riverview's "reinstatement fee," in essence, acts as a "delinquency charge" as covered by the GSISA. Section 1306 refers to a "delinquency charge" as that which a consumer pays when he or she has failed to pay an installment as defined by the contract. Riverview's "reinstatement fee" operates under the same principle. Riverview's contract states that this fee is to be paid when one has failed to exercise their "option to renew." Elsewhere in Riverview's contract, an "option to renew" takes place when a consumer merely continues to pay the weekly charge for renting the product. As a result, Riverview's "reinstatement fee" is merely a "delinquency charge" for an individual who does not continue to pay the weekly sum for the product, and additionally does not return the product to Riverview. Therefore, as this determination is strictly a matter of law and not one of fact, summary judgment on this violation is hereby granted in favor of the Commonwealth.

The fifth violation concerns the same "reinstatement fee" as previously discussed. However, the Commonwealth argues, in

14. This fee is outlined in Riverview's "rental agreement" as a fee which the "owner" of the property (Riverview) may charge the "renter" (consumer) to renew their rental term after they have failed to exercise their option to renew.

the alternative, that Riverview's assessment of a "reinstatement fee" violates Section 1504 of the GSISA [15] which prohibits the assessment of any fees, expenses or other charges not otherwise provided for in the GSISA. As we have previously addressed this "reinstatement fee" and have ruled that it operates, in essence, as a "delinquency charge" under the Act, ruling that this "reinstatement fee" is an unauthorized charge under the Act would be inappropriate. Therefore, we will give this matter no further consideration.

The sixth violation concerns Riverview's violation of Section 1501(a) of the GSISA, which forbids the assessment of a "service charge" which is in excess of 18% interest per annum. The Commonwealth asserts that Riverview's "rental agreement" with consumers results in a service charge which is in excess of this 18% per annum interest. The Commonwealth arrives at this conclusion by adding up the total number of weekly payments required under a typical Riverview contract, and comparing that total price with the actual manufacturer's suggested retail price of the product. In all of the documented rentals submitted by the Commonwealth, the amount paid in excess of the manufacturer's suggested retail price greatly exceeds the allowable 18% interest under the GSISA. The Commonwealth asserts that this excess amount be termed a "service charge" as defined in the Act by 1201(10) of the GSISA. We agree.

As we have previously discussed, we view Riverview's "rental contract" as a de facto contract subject to the provisions of the GSISA. Therefore, the amount Riverview charges in excess of the manufacturer's suggested retail price can only be termed as a "service charge." Our review of the record indicates that the Commonwealth has sufficiently proven that Riverview continually charges a "service charge" which great-

15. The Commonwealth, in its amended complaint and this motion, incorrectly cited the number of the section as 1304. However, as 1504 is correctly quoted in the Commonwealth's amended complaint as well as Riverview's answer, this Court will adjudicate this alleged violation as if the correct section was quoted in the complaint.

ly exceeds the allowable 18%.[16]

As Riverview has neither opposed the Commonwealth's exhibits and submissions nor has submitted their own which would refute the former, we find that there exists no material issue as to Riverview's violation of this section of the GSISA. We therefore grant the Commonwealth's motion for summary judgment in its favor as to this violation.

 The last violation concerns Riverview's alleged improper assessment of the following fees: a liability waiver fee, a processing fee upon delivery and an in-home collection fee. The Commonwealth alleges that, since these fees are not specifically authorized by the GSISA, they are therefore prohibited under the aforementioned Section 1504.

As Riverview, in its answer to the Commonwealth's amended complaint, admitted that these three fees are not specifically covered under the GSISA, we find that there is no genuine issue as to a material fact and that this violation is properly disposed of in favor of the Commonwealth on its motion for summary judgment.

As previously discussed, we grant summary judgment in favor of the Commonwealth as to Count I. However, we render this motion to the Commonwealth on the issue of liability alone. We find that there is still a genuine issue as to material fact as to the amount of damages Riverview Leasing must be subjected to pay.[17] Therefore, we will hold an evidentiary hearing to determine the amount of damages, costs, fees, etc. which Riverview owes, at a later date. We, however, at that time, will receive evidence as to damages only, as the issue of liability has been decided.

16. This Court has made this determination based upon the following appendixes and exhibits which were properly attached to the Commonwealth's motion for preliminary injunction which was filed in this Court on August 6, 1993: Appendix F with its accompanying Exhibits 1 through 4, Appendix H with its accompanying Exhibit 4, Appendix K with its accompanying Exhibit 1, and Appendix L with its accompanying Exhibits 1, 2 and 6 through 8.

17. Pa.R.C.P. No. 1035(b) specifically allows this Court to render summary judgment on the issue of liability alone and to dispose of, at a later time, the issue as to damages.

## MOTION FOR SUMMARY JUDGMENT—COUNT II [18]

The Commonwealth, in its amended complaint in equity, alleges that Riverview's violations of the GSISA constitute per se violations of the Consumer Law and requests this Court to grant a motion for summary judgment or a judgment on the pleadings as to this count. The Commonwealth supports its position by asserting that Pennsylvania courts have repeatedly held that violations of one statute can also be found to be violations of the Consumer Law.

We are unwilling to make such a ruling at the preliminary stage of this litigation as it applies to Counts II and III. As we will subsequently discuss, we cannot grant summary judgment on Count III as there exists material issues of fact. As it would be improper to grant summary judgment on Count III, it would equally be improper for us to grant summary judgment in favor of the Commonwealth on this second count as well.

## MOTION FOR SUMMARY JUDGMENT—COUNT III

 The Commonwealth, in its amended complaint in equity, alleges in Count III that Riverview's business conduct is in violation of the Consumer Law. The Commonwealth requests this Court to grant summary judgment as a matter of law based upon a number of allegations that they assert are indisputable.[19]

We find, in the pleadings, a number of allegations which cannot be determined by this Court on a motion for summary judgment. In fact, the Consumer Law is based on the premise that one who violates the statute intentionally engages in

---

18. The Commonwealth filed, in the alternative, a motion for judgment on the pleadings as to this count. We will discuss, and deny, the motion for summary judgment. However, the analysis would seemingly be identical to that of a judgment on the pleadings.

19. The Commonwealth does concede, however, the existence of a number of allegations in the. Commonwealth's amended complaint which Riverview disputes, and that these allegations cannot be determined on the basis of a summary judgment motion alone.

"unfair or deceptive acts or practices."[20] Whether Riverview is guilty of intentionally defrauding citizens of the Commonwealth is a genuine issue of material fact that, based upon all evidence currently before this Court, cannot be decided. Therefore, it would be improper for this Court to grant the Commonwealth's motion for summary judgment as to this issue.[21]

We, therefore, deny the Commonwealth's motion for summary judgment as it relates to Count III.

## RIVERVIEW'S COUNTERCLAIM

Riverview, in its answer, filed on January 10, 1994, asserted a counterclaim and three affirmative defenses.[22] The Commonwealth requests this Court to grant summary judgment in its favor as to Riverview's counterclaim.

Riverview's counterclaim requests this Court, if it is the prevailing party under Count I, to grant it attorney's fees as outlined in the GSISA. As previously discussed, we have found that the Commonwealth, as a matter of law, is the prevailing party as to Count I. Therefore, we grant summary judgment as to Riverview's counterclaim in favor of the Commonwealth.

## ORDER

AND NOW, this 22nd day of August, 1994, it is hereby ORDERED that:

20. *See generally Packel v. Ziomek,* 145 Pa.Commonwealth Ct. 675, 352 A.2d 235 (1976) and *Pirozzi v. Penske Olds–Cadillac–GMC, Inc.,* 413 Pa.Superior Ct. 308, 605 A.2d 373 (1992).

21. The Commonwealth asserts four allegations which, they argue, are indisputable and that this Court should grant summary judgment on these four allegations alone. However, upon reviewing these four allegations, we rule that summary judgment is inappropriate as to these four allegations as well as all of the allegations that are asserted in the Commonwealth's amended complaint.

22. Riverview filed two separate answers, one for Riverview Leasing, Inc. and one for C. H. Leasing of Virginia, Inc. These pleadings were identical except for the first affirmative defense alleged in the new matter. *See also* footnote 1.

(1) Riverview's motion for judgment on the pleadings as to Count I is denied, for the reasons previously discussed;

(2) the Commonwealth's motion for judgment on the pleadings as to Counts I and II are denied for the reasons previously discussed;

(3) the Commonwealth's motion for summary judgment as to Count I is granted, for the reasons previously discussed and Riverview is hereby permanently enjoined from violating the GSISA, as specifically discussed in the preceding opinion;

(4) the Commonwealth's motion for summary judgment as to Counts II and III is denied, for the reasons previously discussed;

(5) the Commonwealth's motion for summary judgment as to Riverview's counterclaim is granted, for the reasons previously discussed;

(6) a discovery schedule as to the remaining Counts II and III of this litigation is hereby set forth as follows: both parties shall have forty-five days from the date of this order to conduct interrogatories, after which, the parties will be given an additional forty-five days to conduct depositions;

(7) it is hereby ORDERED that a pre-trial conference will commence on Tuesday, December 27, 1994, at 1:00 p.m. in Room 502A of the South Office Building, Harrisburg, PA. The purpose of this conference is to further discuss the matters as decided and discussed herein, define any additional legal issues in this litigation, review the current status of the parties' discovery and set down a date certain for a full trial of this litigation;

(8) a hearing to ascertain the damages Riverview is to be assessed as to Count I will immediately precede the trial of Counts II and III of this litigation.