# Dennis v. Hunt

C.P. of Monroe County, no. 1383 Civil 1994.

*William A. Watkins*, for plaintiff.
*H. Marc Tepper* and *David W. Oppenheim*, for defendant.

CHESLOCK, *J.*, May 2, 1996—This action commenced with the filing by plaintiffs of a praecipe for a writ of summons on June 7, 1994. Thereafter, on January 19, 1995, plaintiffs filed a complaint against defendants. In their complaint, plaintiffs alleged that on January 20, 1990, plaintiff Michael C. Dennis was involved in an accident on Interstate 80 and was seriously injured. Consequently, plaintiffs eventually retained defendant Hunt as their counsel to pursue a lawsuit against those responsible for Mr. Dennis' injuries. Defendant Hunt filed a complaint on behalf of the plaintiffs. In their current complaint, plaintiffs allege that a substantial settlement offer was made in their accident case, but this offer was declined by defendant Hunt.

Plaintiffs further assert that the matter eventually was tried before The Honorable Linda Wallach Miller here in Monroe County. Plaintiffs assert that defendant Hunt only called two of Mr. Dennis' six doctors. As a consequence, plaintiffs assert, they received a jury verdict of only $20,000 in the matter. The prayer for relief in the original complaint was for $300,000. This verdict

was subsequently affirmed by Judge Wallach Miller in response to defendant Hunt's post-trial motions.

In their current complaint, plaintiffs have brought two counts against defendant Hunt for legal malpractice, alleging that defendant Hunt committed a series of acts of negligence in the course of the handling of their case. On April 24, 1995, defendant Hunt filed a third-party complaint against additional defendants Gladstone and Watkins. In his third-party complaint, defendant Hunt alleged that after Judge Wallach Miller denied his motions for post-trial relief, plaintiffs had 30 days within which to file an appeal to the Superior Court. The time to file an appeal expired on February 26, 1994.

Defendant Hunt avers in his third-party complaint that on February 18, 1994, Mr. Watkins told defendant Hunt that he and his firm were currently representing plaintiffs and that defendant Hunt was not to file an appeal on behalf of plaintiffs. Defendant Hunt did file an appeal on plaintiffs' behalf, but this appeal was later withdrawn by defendant Hunt. Mr. Watkins never filed an appeal on behalf of plaintiffs, but did file this instant action against defendant Hunt. Accordingly, in his third-party complaint, defendant Hunt avers that Mr. Watkins was negligent in his handling of plaintiffs' case.

On January 22, 1996, defendant Hunt brought a motion to disqualify plaintiffs' counsel from the case. In his motion, defendant Hunt alleged that under the Rules of Professional Conduct, there is a conflict of interest present in this case due to the fact that Mr. Watkins currently represents plaintiffs and is also named as a third-party defendant in this matter. As such, defendant Hunt requests that Mr. Watkins be disqualified as plaintiffs' counsel.

On March 1, 1996, Mr. Watkins filed a motion for summary judgment on defendant Hunt's third-party complaint. In his motion, Mr. Watkins averred that defendant Hunt had not yet been able to produce an expert report alleging negligence against him. Moreover, Mr. Watkins also alleged in his motion that defendant Hunt himself told plaintiffs that an appeal would not be successful in this matter, and now defendant Hunt alleges that Mr. Watkins was negligent for not filing an appeal.

Oral argument was heard in this matter on April 1, 1996 and briefs have been submitted from all parties. Two issues are presently before this court: (1) Mr. Watkins' motion for summary judgment; and (2) defendant Hunt's motion to disqualify. We shall address each issue individually.

We shall first address Mr. Watkins' motion for summary judgment. We acknowledge that Rule 1035(b) of the Pennsylvania Rules of Civil Procedure states in relevant part that:

"The judgment sought, [summary judgment], shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. §1035(b). Moreover, "[S]ummary judgment should be granted only where the right is clear and free of doubt." *Hopewell Estates Inc. v. Kent,* 435 Pa. Super. 471, 475, 646 A.2d 1192, 1194 (1994). The Commonwealth Court has stated that, "Summary judgment may be granted in situations where there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Commonwealth v. Riverview Leasing Inc.,* 167 Pa. Commw. 32, 42, 648 A.2d 580, 585 (1994). Lastly, it should be noted that, "Sum-

mary judgment is therefore improper in any case where the pleadings and discovery indicate that there are factual issues that, if resolved in favor of the non-movant at trial, will justify recovery under any theory." *Kelly by Kelly v. Ickes,* 427 Pa. Super. 542, 549, 629 A.2d 1002, 1005 (1993).

In support of his motion for summary judgment, Mr. Watkins states that defendant Hunt has been unable to procure an expert report against him and, therefore, Mr. Watkins asserts that he is entitled to summary judgment on the third-party complaint. Defendant Hunt, in opposition to this motion, filed a supplemental brief on or about April 12, 1996, wherein he attached an export report averring negligence against Mr. Watkins. (We note that this supplemental brief was filed with the court's permission.) Furthermore, defendant Hunt argues that summary judgment in this matter would not be appropriate because there are factual issues in dispute, mainly the question of whether or not Mr. Watkins contributed and/or caused plaintiff's injury by not filing an appeal in this matter.

Mr. Watkins asserts that the third-party complaint entered against him sets forth a cause of action unrelated to the action currently being pursued by plaintiffs against defendant Hunt. Mr. Watkins argues that this entire suit deals with defendant Hunt's alleged incompetence during plaintiff's personal injury trial. He further argues that his alleged failure to file an appeal in this matter is unrelated to the original suit filed against defendant Hunt. Defendant Hunt, in contrast, argues that there is a factual question as to who or what caused plaintiff's injury. Defendant Hunt suggests that plaintiff's injury may be due, at least in part, to the failure of Mr. Watkins to file an appeal on their behalf.

Moreover, Mr. Watkins raises the issue of the likelihood that any appeal brought in this matter would not have been successful. At some point in time, defendant Hunt apparently told plaintiffs that any appeal would not succeed. Now, he asserts that Mr. Watkins was in error for not protecting plaintiffs' rights.

Upon review of each parties' arguments, we must agree that there is a genuine issue of material fact which prevents summary judgment from being entered in this matter. The Pennsylvania Superior Court has stated that, "Unless the evidence is such that reasonable men cannot disagree, the question of whether the defendant's conduct is the cause of the injury is one for the jury." *Curran v. Stradley, Ronon, Stevens & Young,* 361 Pa. Super. 17, 25, 521 A.2d 451, 454 (1987). As such, regardless of the fact that it will be difficult to prove Mr. Watkins' liability to plaintiffs, there is a material fact in dispute in this matter. Defendant Hunt has produced expert testimony to show that Mr. Watkins did not follow the standard of care when he failed to file an appeal on behalf of plaintiffs and this testimony is enough to send such an issue to the jury.

Having found that an entry of summary judgment on the third-party complaint would not be appropriate in this matter, we must next address defendant Hunt's motion to disqualify Watkins & Gladstone as plaintiffs' counsel in this matter. Defendant Hunt argues that the fact that Mr. Watkins represents plaintiffs and is also an additional defendant in this matter creates a non-waivable conflict of interest. Defendant Hunt requests that Mr. Watkins be disqualified from representing plaintiffs.

Specifically, Rule 1.7(b) of the Model Rules of Professional Conduct provides that:

"A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

"(1) the lawyer reasonably believes the representation will not be adversely affected; and

"(2) the client consents after full disclosure and consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved." Model R.P.C. 1.7.

Moreover, Model Rule 3.7(a) states that:

"A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

"(1) the testimony relates to an uncontested issue;

"(2) the testimony relates to the nature and value of legal services rendered in the case; or

"(3) disqualification of the lawyer would work substantial hardship on the client." Model R.P.C. 3.7.

For guidance on the rules, we look to the comments following the rules. The comments note that, "As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without that client's consent." Furthermore, the comments also note that:

"Loyalty to a client is also impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests. The conflict in effect forecloses alternatives that would otherwise be available to the client."

A fairly recent case from Lycoming County demonstrates the same potential conflict of interest present in the instant case. In *Shearer v. Peat, Marwick, Main & Co.,* 5 D.&C.4th 659 (1989), the plaintiff filed a complaint against the defendant, an accounting firm, and alleged malpractice on behalf of the accounting firm. *Id.* at 660. The defendant subsequently filed a third-party complaint against, among others, the law firm who was representing the plaintiff at that time. *Id.* As in the instant case, the defendant in *Shearer* filed a motion to disqualify the additional defendant law firm from representing the plaintiff. *Id.*

In opposition to the defendant's motion to disqualify, the law firm asserted that any potential conflict in their representation of the plaintiff had been waived by the plaintiff in an affidavit which was presented to the court. *Id.* at 661. In ruling on this motion, however, the court stated that, "It is foreseeable, and, in fact, probable that as counsel for the plaintiff the law firm would not pursue the claim against the additional defendants because it would be challenging the activities of itself. The law firm may ultimately be liable to plaintiff for money damages." *Id.* at 662.

In the instant case, we are faced with the same dilemma. Now that this conflict has been brought to our attention, we cannot ignore it nor minimize its potential to cause problems for all of the parties involved in this action. It is the opinion of this court that plaintiffs' chances of recovery could and would be diminished should Mr. Watkins continue to serve as their counsel. Unfortunately, our granting of defendant Hunt's motion to disqualify puts plaintiffs in a very bad situation. This is especially unfortunate in light of the fact that plaintiffs are the most innocent of all of the parties involved here. We point out to Mr. Watkins the comment

to Rule 3.7, which states that, "Resolving questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation." We also make note to defendant Hunt the comment which states that, "Where the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with caution, however, for it can be misused as a technique of harassment." Clearly, defendant Hunt's motion was not brought out of his concern that plaintiffs receive a fair trial.

Accordingly, we enter the following order:

### ORDER

And now, May 2, 1996, additional defendant William A. Watkins, Esquire, Steven D. Gladstone, Esquire and Gladstone & Watkins P.C.'s motion for summary judgment of the third-party complaint is hereby denied. Defendant Hunt's motion to disqualify is hereby granted. The law firm of Gladstone & Watkins P.C. is hereby disqualified from representing plaintiffs in this matter.